## W. O. BRADLEY *v.* BUFORD NELSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—826.]

**Void Judicial Sale.**

A sale of real estate on execution on a decree entered in a case to which the owners of the land were not parties is void as against such owners.

### APPEAL FROM GARRARD CIRCUIT COURT.

March 22, 1883.

OPINION BY JUDGE HARGIS:

This was an action by the appellant to recover a tract of land for which he held a deed from the sheriff who had levied on and sold it under execution, the appellant being the purchaser. The appellees claimed the land as vendees of Elkin, who purchased it at a decretal sale made in pursuance of a judgment of the Fayette Circuit Court rendered in a suit styled *Thomas K. Satlees' Committee v. Thomas K. Satlees' Creditors.* To the answer of appellees relying upon the sale under the decree to Elkin as vesting him with title which he conveyed to them, the appellant replied and alleged that neither Satlees' committee, wife nor children were parties to the suit in which the decree was rendered and that it was for that reason void. The appellees demurred to the reply, their demurrer was sustained and appellant's suit dismissed. From the judgment of dismission he prosecutes this appeal.

The demurrer admitted the truth of the allegations of the reply, and from them it appears that Satlees had been found a lunatic, but that neither Satlees' committee, wife nor children were parties to the suit in which his land was decreed to be sold; and it follows as a matter of course that the court rendering the judgment had no

2

jurisdiction, his lunacy being the basis of the proceedings to sell his estate. Such a decree and sale made in pursuance of it could not vest the purchaser with any title. The record of the suit in the Fayette Circuit Court was not exhibited, neither party demanding its production, and the denial in the reply that the parties in interest were before the court was equivalent to a plea of nul tiel record. If a different record from what was alleged in the reply existed it was the appellees' duty to exhibit the record, which could be proven only by itself.

As no relief was granted Anderson or the appellees on their cross-petition the failure to revive in the name of Anderson's representatives did not prejudice the appellant. For the reason assigned the judgment is *reversed* with directions to overrule the demurrer.

*W. O. Bradley, for appellant.*